# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **NICHOLE GWINNETT**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:19-cv-295 |
| **SOUTHWEST FLORIDA REGIONAL PLANNING COUNCIL**, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **NICHOLE GWINNETT** ("**GWINNETT**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under 42 U.S.C. §1983 (§1983) for violation of the First Amendment of the United States Constitution.

## PARTIES

2. The Plaintiff, **NICHOLE GWINNETT** ("**GWINNETT**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant, a public body.

3. Defendant, **SOUTHWEST FLORIDA REGIONAL PLANNING COUNCIL** ("Defendant") is a public body that was created in 1973 by an interlocal agreement between Charlotte, Lee, Glades, Hendry and Sarasota Counties. In accordance with Florida Statutes, the agency is directed by a 36-member council, composed of 25 county commissioners and municipal

elected officials, 7 gubernatorial appointees from all counties within the region, and four ex-officio (non-voting) gubernatorial appointees representing the Florida Department of Transportation, the Florida Department of Environmental Protection, and water management districts. Florida's 11 Regional Planning Councils (RPC's), including the Defendant, are public organizations that serve as bridges between state and local governments representing an area in which resources, characteristics, and issues co-exist. RPC's provide comprehensive planning and intergovernmental coordination for managed, responsible growth. Florida Statutes 186.502(4)(1) recognize RPCs as Florida's only multipurpose regional entities in a position to plan for and coordinate intergovernmental solutions to growth-related problems on greater-than-local issues, provide technical assistance to local governments, and meet other needs of the communities in each region.

4. At all times relevant to the instant action, the Defendant was Plaintiff's employer within the meaning of 42 U.S.C. §1983.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **GWINNETT** was hired by the Defendant in 1991, as a part time Secretary, and was employed as a "Planner II" at the time of her termination.

8. **GWINNETT** always performed her assigned duties in a professional manner and was very well qualified for her position.

9. **GWINNETT** met all necessary performance standards and quantitative performance requirements during her employment with the Defendant.

10. In January 2018, **GWINNETT** had travelled with a female coworker to Daytona Beach, Florida for a conference.

11. After all conference events had concluded and **GWINNETT** had gone to bed for the evening, her coworker was sexually assaulted.

12. **GWINNETT** was not present to witness any of the events that gave rise to her coworker being sexually assaulted and the incident had no connection to her work or the reason she was present in Daytona Beach, Florida.

13. The following morning, **GWINNETT**'s coworker confided in **GWINNETT** that she had been sexually assaulted overnight and law enforcement was contacted.

14. Local law enforcement arrived and **GWINNETT** was interviewed.

15. It was not remotely within **GWINNETT**'s job duties to make such reports or statements to law enforcement and she did so as a private citizen speaking on matters of public concern, to wit: violations of the criminal laws of the State of Florida that prohibit sexual assault.

16. Almost immediately, **GWINNETT**'s supervisor, who was not present, began demanding that **GWINNETT** disclose the intimate details of the sexual assault that her coworker had entrusted her with. **GWINNETT** declined and directed her supervisor to the law enforcement officers who were present and investigating the sexual assault.

17. Freedom of speech includes both the right to speak freely and the right to refrain from speaking at all. As Justice Jackson memorably put it: "If there is any fixed star in our

constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or *force citizens to confess by word or act their faith therein.*" *West Virginia Bd. of Ed. v. Barnette*, 319 U. S. 624, 642, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943) (emphasis added). "When speech is compelled, however, additional damage is done. In that situation, individuals are coerced into betraying their convictions." *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2464 (2018). Compelled, private speech "seriously impinges on First Amendment rights, [and] it cannot be casually allowed." *Id*.

18. However, **GWINNETT**'s supervisor continued to demand that **GWINNETT** disclose the intimate details of the sexual assault that her coworker had entrusted her with, and **GWINNETT** still refused because the speech demanded was not part of her official duties.

19. Notwithstanding the same, **GWINNETT**'s supervisor again demanded **GWINNETT** disclose the intimate details of the sexual assault that her coworker had entrusted her with, and thus waive her First Amendment rights, or else face termination, notwithstanding the fact **GWINNETT**'s refusal to speak on such private matters that were not work-related was her exercising her First Amendment rights.

20. As **GWINNETT** had no legal duty to disclose the intimate details of the sexual assault that her coworker had entrusted her with, she had no alternative but to resign.

21. At no time was **GWINNETT** informed that she was either the subject of an investigation or that there were any allegations of wrongdoing by her until she was threatened with termination.

22. **GWINNETT** was not subject to any discipline whatsoever prior to exercising her First Amendment rights in not speaking.

23. As a direct and proximate result of her exercising her First Amendment right to stay silent, **GWINNETT** was constructively terminated by the Defendant.

24. As such, **GWINNETT** was wrongfully terminated in violation of the First Amendment.

### COUNT I – VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION VIA 42 U.S.C. §1983- FREE SPEECH

25. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

26. At all material times, **GWINNETT** was an employee and the Defendant was her public employer.

27. **GWINNETT**'s refused to waive her First Amendment rights and speak on matters of private that did not involve her own job duties.

28. **GWINNETT**'s free speech interests outweighed the Defendant's interest in demanding **GWINNETT**'s speech and her refusal did not interfere with the effective and efficient fulfillment of the Defendant's responsibilities.

29. **GWINNETT** was qualified for the position that she held with the Defendant.

30. **GWINNETT** was terminated by the Defendant as a direct and proximate result of her refusal to waive her First Amendment rights.

31. The Defendant would not have caused **GWINNETT**'s termination in the absence of her refusal to waive her First Amendment rights.

32. The Defendant has violated **GWINNETT**'s First Amendment right to freedom of speech.

33. As a direct and proximate result of the violations of **GWINNETT**'s free speech rights, as referenced and cited herein, **GWINNETT** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

34. As a direct and proximate result of the violations of **GWINNETT**'s First Amendment rights, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **GWINNETT** is entitled to all relief necessary to make her whole as provided for under 42 U.S.C. §1983.

35. As a direct and proximate result of the Defendant's actions, **GWINNETT** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing this Defendant to cease and desist from all retaliation against employees who exercise rights protected by the First Amendment of the United States Constitution;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statutes cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **NICHOLE GWINNETT**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 2, 2019  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com