UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLE GWINNETT,

      Plaintiff,

v.                                        Case No.: 2:19-cv-295-FtM-38MRM

SOUTHWEST FLORIDA REGIONAL
PLANNING COUNCIL,

      Defendant.
_____/

**ORDER**[1]

Before the Court is Defendant's Motion to Dismiss (Doc. 14) and Plaintiff's response in opposition (Doc. 17). This is a First Amendment retaliation case involving a public employee. (Doc. 1). Plaintiff claims a First Amendment violation because Defendant compelled her either to speak on private matters or be fired. (Doc. 1 at 3-5). In the Motion papers, the parties dispute which legal standard applies. So the Court requests supplemental briefing on the issue.

The touchstone case involving public employees' First Amendment rights is *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will Cty., Ill.*, 391 U.S. 563 (1968). *Pickering*, and its progeny, laid out a test that plaintiffs must satisfy to enjoy First

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Amendment protection. In part, an employee's speech must be "as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006) (citing *Pickering*, 391 U.S. at 568). If not, "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Id.* (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983)). In the past, some courts applied *Pickering* to situations where—like here—a public employee was fired for refusing to speak. *Lewis v. Cowen*, 165 F.3d 154, 161-64 (2d Cir. 1999); *Phillips v. Ingham Cty*, 371 F. Supp. 2d 918, 928-29 (W.D. Mich. 2005); *Coover v. Saucon Valley Sch. Dist.*, 955 F. Supp. 392, 399-401 (E.D. Pa. 1997); *see also Berry v. Bailey*, 726 F.2d 670, 673-76 (11th Cir. 1984) (applying *Pickering* and holding that a public employee's refusal to follow an order was unprotected); *Sykes v. McDowell*, 786 F.2d 1098, 1103-05 (11th Cir. 1986) (noting that *Pickering* provides some constraint on First Amendment jurisprudence).

Yet the Supreme Court just called *Pickering* into question as it relates to compelled speech. *Janus v. Am. Fed'n of State, Cty., and Mun. Emps., Council 31*, 138 S. Ct. 2448, 2473 (2018) ("[T]he *Pickering* framework fits much less well where the government compels speech."). In doing so, the Court said, "[i]f *Pickering* applies at all to compelled speech—a question that we do not decide—it would certainly require adjustment in that context." *Id.* Because the speech at issue here was compelled, *Janus* raises the question of whether *Pickering* applies and, if so, how it must be modified to this context. *Id.*

But Defendant's Motion only addresses *Pickering* without discussion of the development described above. And Plaintiff claims *Pickering* does not apply at all. While Plaintiff cites a compelled speech standard, *Cressman v. Thompson*, 798 F.3d 938 (10th Cir. 2015), that was not a public employment case so the *Pickering* framework was not at

issue. See also *Doe 1 v. Marshall*, 367 F. Supp. 3d 1310, 1324-26 (M.D. Ala. 2019). For those reasons, the Court requests Defendant to file a supplemental brief on the matter, to which Plaintiff may respond.

Accordingly, it is now

**ORDERED:**

1. Defendant shall **FILE** a supplemental brief on the issues identified above on or before **September 4, 2019**. Afterward, Plaintiff shall file a response to Defendant's supplemental brief on or before **September 11, 2019**.

2. The Court will **defer ruling** on Defendant's Motion to Dismiss (Doc. 14).

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record